UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESA MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER RAGEN, an individual, and ALL OTHER OCCUPANTS OF ROOM #422, 922 228th Street SE, Bothell, WA 98021,<br><br>Defendants. | Case No. C23-764RSM<br><br>ORDER OF REMAND |

This matter comes before the Court on Plaintiff ESA Management, LLC's Motion to Remand, Dkt. #6. Defendant Christopher Ragen has filed an opposition. Dkt. #14.

Plaintiff filed an unlawful detainer action against Defendants in Snohomish County Superior Court in April 2023. Dkt. #1-1. Defendant Christopher Ragen removed in May 2023, asserting various defenses based on federal law. Dkt. #1. Plaintiff asks the Court to remand the case pursuant to 28 U.S.C. § 1447(c), citing this Court's lack of subject matter jurisdiction, *i.e.*, a lack of diversity and/or federal question jurisdiction. Dkt. #6. Plaintiff also requests its fees and costs.

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that

ORDER OF REMAND - 1

removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Any doubt as to the right of removal is resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998).  Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity jurisdiction exists where the parties are completely diverse and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).  However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

Defendant has not established federal question jurisdiction in this case.  Plaintiff ESA Management LLC filed an unlawful detainer action based solely on state law.  That action does not present a federal question.  To the extent Defendant assert federal defenses or counterclaims, such do not confer federal question jurisdiction. *See Rivet*, 522 U.S. at 475.

ORDER OF REMAND - 2

Defendant also cannot establish diversity jurisdiction given the forum-defendant rule, 28 U.S.C. §1441(b)(2). Defendant Ragen is a citizen of Washington State. Accordingly, this case will be remanded back to state court. The Court notes that nothing contained in Defendant's proposed amended notice of removal, Dkt. #10, changes the Court's above reasoning and that remand is clearly warranted.

At the Court's discretion, attorney fees and costs are recoverable where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Given the fact that Defendant is proceeding *pro se*, the Court will presume, at least in this instance, that he is unfamiliar with the implications of his actions. Accordingly, the Court declines Plaintiff's request for attorney fees and costs.

Having reviewed the relevant pleading, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff's Motion to Remand, Dkt, #6, is GRANTED. This case is REMANDED to Snohomish County Superior Court. The request for fees is DENIED.

(2) This case is CLOSED.

DATED this 26th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF REMAND - 3